```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-61452-CIV-BLOOM
                              MAGISTRATE JUDGE P.A. WHITE
CHADRICK VASHON PRAY,

     Petitioner,              REPORT RE DISMISSAL
                              FOR FAILURE TO OBTAIN
v.                            AUTHORIZATION PURSUANT TO
                              28 U.S.C. §2244(b)(3)
JULIE JONES, SEC'Y,
FLA. DEP'T OF CORR'S,

     Respondent.
                              /
```

## I. Introduction

The petitioner, Chadrick Pray, has filed this unauthorized, **fourth**, federal habeas corpus petition, pursuant to 28 U.S.C. §2254, attacking the constitutionality of his convictions and sentences in **case no. 00003032CF10A**, entered in Broward County Circuit Court.

The case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because the petitioner, as filed is subject to dismissal.

The undersigned has reviewed the instant federal habeas petition (DE#1), together with the petitioner's prior habeas petitions filed with this court, **case no. 16-CV-62662-Dimitrouleas, 16-CV-62806-Dimitrouleas, 17-CV-61555-Bloom**, in which petitioner attacked the same state court conviction under attack here, together with state court records contained therein.[1]

---

[1] The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

## II. Background and Procedural History[2]

On February 11, 2000, Petitioner was charged with attempted felony murder of Will Tisdale with a firearm (count 1) and attempted armed robbery of Will Tisdale with a firearm (count 2). (16-CV-62662, DE# 6, p. 1). A jury trial commenced on June 15, 2000. (Id.:2). On June 20, 2000, Pray was found guilty as charged on both counts. (Id.). On October 2, 2000, Pray was sentenced to life in prison. (Id.). On November 20, 2002, the Fourth District Court of Appeal (Fourth DCA) affirmed in Pray v. State, 833 So. 2d 149 (Fla. 4th DCA 2002). (Id.).

On March 6, 2001, the trial court denied a motion to correct sentence. (Id.). On November 10, 2003, Pray filed a motion for post-conviction relief, which the court denied on January 6, 2004. (Id.). On August 31, 2005, the Fourth DCA affirmed in Pray v. State, 912 So. 2d 624 (Fla. 4th DCA 2005). (Id.). Rehearing was denied on November 9, 2005. (Id.).

On April 6, 2006, Pray filed another motion for post-conviction relief, which the court was denied on May 4, 2006. (Id.). On August 16, 2006, the Fourth DCA affirmed in Pray v. State, 937 So. 2d 676 (Fla. 4th DCA 2006). (Id.).

On November 16, 2006, Pray filed a habeas petition in the trial court, which was denied on January 22, 2007. (Id.). On November 21, 2007, the Fourth DCA affirmed in Pray v. State, 983 So. 2d 1161 (Fla. 4th DCA 2007). (Id.).

On May 4, 2009, Pray filed another motion to correct sentence,

---

[2]The factual and procedural background is taken from the District Court's final judgment in Petitioner's prior §2254 case. (16-CV-62662, DE# 6).

2

which the trial court denied on May 13, 2009. (Id.). On February 10, 2010, the Fourth DCA affirmed in Pray v. State, 27 So. 3d 623 (Fla. 4th DCA 2010). (Id.). On May 3, 2010, the Florida Supreme Court denied a mandamus petition in Pray v. State, 36 So. 3d 84 (Fla. 2010). (Id.).

On June 29, 2009, Pray filed another collateral attack in the trial court, which was denied on December 10, 2010. (Id.). On December 7, 2011, the Fourth DCA dismissed the appeal in Pray v. State, 77 So. 3d 1275 (Fla. 4th DCA 2011) and indicated on December 16, 2011 that any more frivolous filings would result in sanctions. (Id.). Rehearing was denied on February 1, 2012, and mandate issued on February 21, 2012. (Id.:2-3).

On July 7, 2010, Pray filed another habeas petition in the trial court, which was denied on August 16, 2010. (Id.:3). On December 14, 2011, the Fourth DCA denied another appeal in Pray v. State, 77 So. 3d 192 (Fla. 4th DCA 2011). (Id.). Rehearing was denied on January 27, 2012. (Id.).

On January 4, 2012, the Florida Supreme Court dismissed a mandamus petition in Pray v. State, 79 So. 3d 745 (Fla. 2012). (Id.). On March 8, 2012, the Florida Supreme Court dismissed another mandamus petition in Pray v. State, 84 So. 3d 1032 (Fla. 2012). (Id.).

On April 17, 2012, Pray filed a motion to correct sentence, which was denied on April 24, 2012. (Id.). On May 9, 2012, Pray filed another motion to correct sentence, which was denied on May 24, 2012. (Id.). On February 20, 2013, the Fourth DCA affirmed in Pray v. State, 125 So. 3d 229 (Fla. 4th DCA 2013). (Id.). Rehearing was denied on May 7, 2013. (Id.).

3

On July 19, 2012, Pray filed another habeas petition, which was denied on August 28, 2012. (Id.). On June 10, 2013, Pray filed another motion for post conviction relief, which was denied on June 24, 2013. (Id.). On February 20, 2014, the Fourth DCA affirmed in Pray v. State, 138 So. 3d 1043 (Fla. 4th DCA 2014) and banned Pray from further *pro se* filings. (Id.). Rehearing was denied on April 10, 2014. Mandate issued on May 2, 2014. (Id.).

On November 15, 2013, the Florida Supreme Court dismissed an all writs petition in Pray v. State, 130 So. 3d 1277 (Fla. 2013). (Id.). On June 20, 2014, the Florida Supreme Court denied a petition for writ of prohibition in Pray v. State, 147 So. 3d 526 (Fla. 2014). (Id.). On October 14, 2014, the Florida Supreme Court denied a petition for writ of prohibition. (Id.:4). On October 20, 2014, the Florida Supreme Court dismissed another petition for writ of prohibition in Pray v. Crews, 153 So. 3d 908 (Fla. 2014). (Id.).

On July 15, 2015, the trial court denied a motion to convert fines to civil lien. (Id.). On August 19, 2015, the First DCA affirmed an appeal in Pray v. Jones, 173 So. 3d 970 (Fla. 1st DCA 2015). (Id.). Rehearing was denied on September 22, 2015. (Id.). On April 19, 2016, the First DCA denied a habeas petition in Pray v. Jones, 191 So. 3d 465 (Fla. 1st DCA 2016). (Id.). Rehearing was denied on June 7, 2016. (Id.). On October 10, 2016, the First DCA affirmed another appeal in Pray v. Jones, 2016 WL 5887394 (Fla. 1st DCA 2016). (Id.).

On October 5, 2015, the Florida Supreme Court denied a collateral attack. (Id.). On October 19, 2015, a rehearing motion was stricken. (Id.). On December 21, 2015, the Florida Supreme Court dismissed a habeas petition. (Id.). On March 24, 2016, the Florida Supreme Court dismissed a quo warranto petition because Pray had abused the judicial process. (Id.). On June 24, 2016, the

4

Florida Supreme Court dismissed a mandamus petition because Pray had abused the judicial process. (Id.). On October 14, 2016, the Florida Supreme Court dismissed an all writs petition. (Id.).

Petitioner next came to this court filing his **first** motion, challenging case no. 00003032CF10A, pursuant to §2254 on November 4, 2016. (16-CV-62662, DE#1). This court denied the petition as untimely. (16-CV-62662, DE# 6). Petitioner did not appeal.

Petitioner fling his **second** motion pursuant to §2254 challenging case no. 00003032CF10A on November 18, 2016 in the Middle District of Florida. (16-CV-62806, DE# 1). After the case was transferred to the Southern District, this court dismissed the petition as time-barred and successive. (16-CV-62806, DE# 4,7). Petitioner did not appeal.

Petitioner returned to this court, filing his **third** §2254 petition challenging case no. 00003032CF10A on August 2, 2017. (17-CV-61555, DE# 1). This petition was dismissed for lack of jurisdiction due to petitioner's failure to obtain authorization to file a successive petition by the Eleventh Circuit under 28 U.S.C. §2244(b)(3). (17-CV-61555, DE# 3, 4). The court dismissed Petitioner's motion for reconsideration. (17-CV-61555, DE# 7). Petitioner did not file an appeal.

Petitioner has now returned to this court, filing this **fourth** §2254 petition challenging case no. 00003032CF10A on June 21, 2018.³ (DE#1).

---

[3]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's

5

16-62806

### III. Discussion

Petitioner has filed this latest federal habeas proceeding, again challenging the constitutionality of his convictions and ensuing sentences, entered in Broward County Circuit Court, **case no. 00003032CF10A.**

As narrated above, petitioner filed two prior habeas petition pursuant to the provisions of 28 U.S.C. §2254, challenging the same state court conviction challenged herein. The **2016** federal habeas petition was denied as untimely. See (16-CV-62662, DE# 6). The second dismissed as successive. See (17-CV-61555, DE# 4). It is clear he is attempting to reassert in this third §2254 petition, new claims or evidence he could have discovered earlier, or reassert new facts in support of a sufficiency of the evidence claim. Thus, it is clear he is again seeking to challenge the same state court judgment of conviction on new or previously raised grounds.

The Eleventh Circuit has made clear that new evidence provided by petitioner, in support of a prior claim, "is insufficient to create a new claim and avoid §2244(b)(1)'s bar on successive petitions." See In re Lambrix, 776 F.3d 789, 795 (11 Cir. 2015)(citing In re Hill, 715 F.3d 284, 292-94 (11 Cir. 2013). In Hill, the Eleventh Circuit explained that "§2244(b)(1) provides that '[a] claim presented in a second or successive habeas corpus

---

internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

application under section 2254 that was presented in a prior application shall be dismissed'" and "provides no exceptions." Id. (quoting In re Hill, 715 f.3d at 291 (quoting 28 U.S.C. §2244(b)(1)).

As applied here, Section 28 U.S.C. §2244(b) provides in pertinent part:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals....

7

(emphasis added).

Thus, in accordance with 28 U.S.C. §2244(b)(3)(A), "[B]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. §2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. §2244(b)(2)]." See 28 U.S.C. §2244(b)(3)(B) and (C).

Here, it is worth mentioning at the outset that petitioner has not demonstrated any extraordinary circumstance that casts doubt on the earlier findings of this Court that would justify relieving him from the effect of the final judgment under Rule 60(b). See United States v. Flores, 981 F.2d 231, 237 (5th Cir. 1993).

There is also nothing of record to indicate a need to correct a clear error or to prevent a grave miscarriage of justice. See United States v. Beggerly, 524 U.S. 38, 47 (1998); Booker v. Dugger, 825 F.2d 281, 284 (11th Cir. 1987), cert. denied, 485 U.S. 1015 (1988). As petitioner is well-aware, to file a second or successive §2254 petition, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See In re Joshua, 224 F.3d 1281 (11th Cir. 2000)("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing

8

the district court to consider the second or successive motion."). Without authorization, this Court lacks jurisdiction to consider a successive petition. No such showing has been made here. Further, any claim of newly discovered evidence does not alter this court's conclusion, nor does it cast doubt on the validity of the petitioner's state court convictions.[4]

Because the instant federal petition challenges the legality

---

[4] Although, the Eleventh Circuit has recognized the possibility of freestanding actual innocence claims, see Felker v. Turpin, 83 F.3d 1303, 1312 (11th Cir. 1996), cert. granted, 517 U.S. 1182 (1996) and cert. dism'd, 518 U.S. 651 (1996), it has nevertheless recognized that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (quoting Herrera, 506 U.S. at 400). Under these circumstances, the petitioner's actual innocence claim does not appear to state a ground for federal habeas relief. In fact, in later cases, the Eleventh Circuit has repeated that freestanding claims of actual innocence are not a basis for federal habeas relief, at least in non-capital cases. See Cunningham v. District Attorney's Office for Escambia County, 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases ....") (citing Jordan v. Sec'y, Dep't of Corr's, 485 F.3d 1351, 1356 (11th Cir. 2007).

Further, subsequent developments in Supreme Court law have not altered this rule. In Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), the Supreme Court affirmed the denial of habeas relief on the allegation that newly discovered evidence proved the innocence of a capital defendant. In doing so, six justices believed or assumed that, upon a truly persuasive showing of actual innocence, habeas relief would be available to prevent the execution of an actually innocent person. Three justices took the position that habeas relief is not available to relitigate the fundamental question of guilt or innocence. But due to its splintered opinions, Herrera did not establish a constitutional rule allowing newly discovered evidence of actual innocence to support federal habeas relief. See In re Davis, 565 F.3d 810, 817 (11th Cir. 2009); Brownlee v. Haley, 306 F.3d 1043,1065 (11th Cir. 2002); Felker v. Turpin, 83 F.3d 1303,1312 (11th Cir. 1996), cert. granted, 517 U.S. 1182, 116 S.Ct. 1588, 134 L.Ed.2d 685 (1996), cert. dism'd, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Notably, the function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases. Mize v. Hall, 532 F.3d 1184, 1195 (11 Cir. 2008), citing, Herrera v. Collins, 506 U.S. 390, 401 (1993). Consequently, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Id. at 400. A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim. See Id. at 404. He cannot use such a claim here to avoid the successive bar.

of the same state court judgment that was the subject of petitioner's §2254 action filed by him in **2016**, and the earlier, 2016 habeas petition qualified as a first §2254 habeas corpus petition for purposes of determining successor status, this later filing is successive and subject to dismissal for as successive.

Absent authorization from the Eleventh Circuit to file a successive habeas petition, the district court lacks jurisdiction over this federal petition. See Taylor v. Cain, 533 U.S. 656, 661-62, 121 S.Ct. 2478, 2481-82, 150 L.Ed.2d 1257, 1258 (11th Cir. 2009). In this current federal habeas petition, petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). Because the petitioner's §2254 habeas petition was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2254 motion, this court is without jurisdiction to entertain his current filing as a §2254 petition. See 28 U.S.C. §2244(b)(2)-(3); Burton v. Stewart, 549 U.S. 147, 153 (2007); El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. 2006).

Here, it is clear that petitioner's second federal petition is, in fact, a successive habeas petition because it (1) seeks to add a new ground of relief; and/or, (2) attacks the federal court's previous resolution of the case on the merits. Williams v. Chatman, 510 F.3d 1290, 1293–94 (11th Cir. 2007)(quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). There is no doubt that the petitioner is seeking to relitigate his §2254 habeas petition on the merits by raising new arguments or facts challenging the validity of his

10

convictions and ensuing sentences.

Based upon the foregoing, it plainly appears from the face of the petitioner's federal §2254 petition that the petitioner is attempting to circumvent the AEDPA's restrictions on successive Section 2254 habeas petitions.

Since the 2016 petition was denied as untimely and the 2017 dismissed as successive, rendering this 2018 filing another successive petition, any attempt by petitioner to obtain review on the merits of his attack on his conviction is for the Eleventh Circuit Court of Appeals to decide. Again, the petitioner must apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A) to do so. An application will be provided with this Report so that the petitioner may seek authorization from the Eleventh Circuit, if he chooses to do so.

### IV. **Certificate of Appealability**

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of

11

the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Here, petitioner cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Recommendation

It is recommended that this petition for habeas corpus relief be dismissed for lack of jurisdiction for failure of the petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. §2244(b)(3) with regard to the challenges to his convictions and sentences; that no certificate of appealability issue; and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Chadrick Vashon Pray, Pro Se
      DC# 777541
      Columbia Correctional Institution
      Inmate Mail/Parcels
      216 SE Corrections Way
      Lake City, FL 32025

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com
```