United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Chadrick Pray, Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-61452-Civ-Scola |
| Julie Jones, Secretary Florida | ) | |
| Department of Corrections, | ) | |
| Respondent. | ) | |

### Order on Magistrate Judge's Report and Recommendation and Order of Dismissal

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On July 18, 2018, Judge White issued a report, recommending that the Court dismiss Petitioner Chadrick Vashon Pray's petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254, for lack of jurisdiction. (Report, ECF No. 6.) Specifically, Judge White found that Pray's petition is "second or successive" and that Pray failed to obtain authorization from the Eleventh Circuit to file his petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Before Pray filed objections to the report (ECF No. 10), he filed an amended petition (ECF No. 7).

Although Pray should have sought leave to amend his petition, the Court has considered Pray's amended petition in reaching its decision in this case. *See Scott v. Clark,* 761 F.3d 1524, 1527 (11th Cir. 1985) (stating that district court should have considered argument in amended § 2255 motion even though the movant filed it after the magistrate issued its report because of Rule 15's lenient standard and the fact the movant was proceeding pro se). Therefore, the Court **declines to adopt** Judge White's report (**ECF No. 6**) because it is now **moot**. The Court also **withdraws** its reference to Judge White for any future rulings in this case, and rules on Pray's amended petition as follows.

This is Pray's *fourth* habeas petition relating to a state-court judgment that was entered in 2000 in Case No. 0000-3032CF10A, in the Seventeenth Judicial Circuit of Broward County, Florida. Pray was convicted of one count of attempted felony murder with a firearm and one count of attempted robbery with a firearm. (*See* Verdict Forms, ECF No. 1 of Case No. 16-62662 at 46–47.)

By way of background, Pray's initial petition was dismissed as untimely and alternatively denied on its merits by Judge William P. Dimitrouleas. (*See* Case No. 16-62662, ECF No. 6.) Pray's second petition was filed within the same month as his first, and was dismissed by Judge Dimitrouleas as time-barred and successive, and alternatively denied on the merits. (*See* Case No. 16-62806, ECF No. 7.) Judge Beth Bloom dismissed Pray's third habeas petition in 2017 because Pray failed to obtain permission from the Eleventh Circuit to pursue his successive petition. (*See* Case No. 17-61555, ECF No. 4.)

In his amended petition, Pray raises two arguments: (1) an ineffective assistance of counsel claim based on his trial counsel's failure to object to the jury instructions for the attempted-felony murder charge, and (2) a claim that his attempted-robbery sentence was improperly enhanced contrary to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Pray argues that he can show cause and prejudice for failing to raise the first argument on direct appeal in state court, and suggests that this Court should vacate Judge Dimitrouleas's judgment in Case No. 16-62806 based on his second ground for relief.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes certain restrictions on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005).

It appears that Pray's latest petition raises claims that have not been previously adjudicated. Although Pray's second ground for relief is similar to a claim Pray raised in his second habeas petition, *see* Case No. 16-62806, ECF No. 1, the Court will not dismiss it outright because it is not apparent from the record that Pray is raising the same argument.

Therefore, Pray must obtain authorization from the Eleventh Circuit to proceed with the arguments in his current petition. Since there is no evidence in the record that Pray has obtained this authorization, the Court must dismiss his petition for lack of jurisdiction. *See Fugate v. Dep't of Corrs.*, 301 F.3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider

Fugate's claim because he had not applied to this court for permission to file a successive application."); *Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (discussing fact that the petitioner's first petition was dismissed as untimely and petitioner appropriately filed application to file second or successive petition).

Pray's contention that he can show cause and prejudice for failing to raise his ineffective assistance of counsel claim does not eliminate his need to obtain permission from the Eleventh Circuit to file his petition. Although he may need to show cause and prejudice for a district court to reach the merits of his claim(s) in the future, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), Pray must obtain the necessary authorization before he can even try to do so.

Further, to the extent Pray is relying on Rule 60 to ask the Court to vacate the judgment entered by Judge Dimitrouleas in Case No. 16-62806—the case in which Pray's *second* habeas petition was dismissed as time-barred and successive, and alternatively denied on the merits—the Court finds that Pray's second ground for relief is effectively an attack on his underlying state-court judgment. So, he must obtain authorization from the Eleventh Circuit to proceed on this claim. *See Gonzalez*, 545 U.S. at 531–32.

In *Gonzalez*, the Supreme Court held that if a Rule 60(b) motion presents a new claim for relief or "attacks the federal court's previous resolution of a claim on the merits," it should be treated as a successive habeas petition. *See id.* Courts have applied *Gonzalez* in cases where parties have attempted to improperly rely on Rule 60(b) and (d) to assert new grounds for relief and have required those parties to obtain authorization from the Eleventh Circuit to proceed on their claims. *See, e.g.*, *Scotton v. United States*, No. 17–10541–A & 17–12715–A, 2017 WL 7511339, at *2–*3 (11th Cir. 2017) (finding that Rule 60(d)(3) motion was properly construed as a § 2255 motion, and that petitioner had to obtain authorization to file successive motion); *Jeffus v. Attorney Gen. for State of Fla.*, No. 6:10-CV-1174-ORL-28, 2011 WL 2669147, at *2 (M.D. Fla. July 6, 2011) ("As to those claims, Petitioner's Rule 60(d)(1) motion is a successive habeas petition that cannot be filed without authorization from the Eleventh Circuit Court of Appeals.") Here, the Court rejects Pray's attempt to use Rule 60 to circumvent AEDPA's restrictions on successive petitions. The Court will not consider Pray's second ground for relief without authorization from the Eleventh Circuit to do so. *See Echemendia v. Fla. Dep't of Corrs.* 716 F. App'x 916, 916–17 (11th Cir. 2017) ("Because the district court properly construed Echemendia's motion as a successive § 2254 petition, and because he failed to obtain our permission to file that petition as required under 28 U.S.C. § 2244(b)(3)(A), the court properly dismissed the motion for want of jurisdiction.").

Accordingly, the Court **dismisses** this case for lack of jurisdiction. The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on October 11, 2018.

_____
Robert N. Scola, Jr.
United States District Judge